UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KENNETH AGTUCA,

Petitioner,

v.

AMOS REED, *et al.*,

Respondents.

NO. CV-86-331-RHW

**ORDER DENYING PETITIONER'S MOTION FOR CONTEMPT AND MOTION TO ENFORCE ORDER GRANTING HABEAS CORPUS PETITION**

Before the Court are Petitioner's Motion for Contempt (Ct. Rec. 90) and Motion to Enforce Order Granting Habeas Corpus Petition (Ct. Rec. 89). These motions were heard without oral argument.

## BACKGROUND

Petitioner was convicted of the crime of assault in 1977 in the State of Washington. He was sentenced to life imprisonment as a habitual offender. After unsuccessful appeals in Washington State courts, he applied to this Court, the Honorable Robert J. McNichols presiding, for habeas relief. On June 18, 1990, Judge McNichols issued Petitioner's writ of habeas corpus (Ct. Rec. 62), and entered an order (Ct. Rec. 61) directing the State of Washington to retry him within ninety days, or failing that, to release him. The State applied for a stay of the order to the Court, which was denied.

The ninety-day period was set to expire on September 16, 1990. The State charged Petitioner by information in August 1990. A pretrial conference was held in September before the expiration of the ninety-day period. The trial was to have

ORDER DENYING PETITIONER'S MOTION FOR CONTEMPT & MOTION TO ENFORCE ORDER GRANTING HABEAS CORPUS PETITION * 1

started on September 15, 1990. However, there were not sufficient jurors on the venire panel to start trial on that day, which was a Friday. The court, *sua sponte*, continued jury selection until Monday. The trial started on Monday, September 18, 1990—ninety-two days after the Court issued the writ of habeas corpus.

Petitioner was convicted once again upon retrial. The jury found him to be a habitual offender, and he was sentenced to life in prison. He filed appeals with the Washington State Court of Appeals and the Washington State Supreme Court, neither of which was successful.

In 1998, Petitioner filed a habeas petition with the Court, alleging *inter alia*, that he was denied due process of law because his re-trial was not held within the ninety-day time limit set by the Court's 1990 order. His motion was denied.

## DISCUSSION

Petitioner seeks enforcement of the Court's 1990 order issuing the writ of habeas corpus. Petitioner argues that Respondent did not comply with the order in that his retrial commenced ninety-two days after the Court entered its order. He moves the Court to hold the State in contempt because the State did not commence his retrial within ninety days of the Court's order, thus violating its terms.

Respondent argues that the Court does not have jurisdiction to hear Petitioner's motion. Respondent claims that Petitioner is essentially seeking relief from his state court judgment—relief that he has sought once before by means of a habeas petition before the Court. Respondent argues that the instant motion, however Petitioner chooses to designate it, is for all intents and purposes an application for habeas relief. Under 28 U.S.C. § 2244(b), the Court would not have the jurisdiction to hear a successive application for habeas relief.

Respondent argues, in the alternative, that even if Petitioner's motion is not viewed as a *successive* application for habeas relief, it is still an application for habeas relief. Respondent argues that such an application would be time-barred based on the limitations period in 28 U.S.C. § 2244(d).

ORDER DENYING PETITIONER'S MOTION FOR CONTEMPT & MOTION TO ENFORCE ORDER GRANTING HABEAS CORPUS PETITION * 2

## I. Petitioner's motion is not an application for habeas corpus.

Petitioner's motion is a contempt motion. The relief he seeks is the same relief he sought in his earlier habeas petition, but that does not compel classification of his contempt motion as an application for habeas corpus. Respondent cites a single case, *Gonzalez v. Crosby*, 125 S. Ct. 2641 (2005), in support of his contention that Petitioner's motion is an application for habeas corpus. *Gonzalez* does not hold that *every* successive claim challenging a state court conviction is a successive application for habeas corpus. Rather, it holds that certain motions under Rule 60 of the Federal Rules of Civil Procedure seeking relief from judgments denying habeas corpus must be classified as successive applications for habeas corpus. *Id.* at 2647. The *Gonzalez* holding is confined to motions under Rule 60; it does not state a rule of general applicability to all motions seeking relief similar to that available via a writ of habeas corpus. Thus the holding of *Gonzalez* does not compel classification of this motion as an application for habeas corpus. The Court could find no other relevant case law that would dictate classification of Petitioner's contempt motion as an application for habeas corpus. Petitioner is not seeking relief from an alleged infringement of his constitutional rights; he is merely seeking enforcement of an order issued by the Court. Therefore the Court does not classify this motion as an application for habeas corpus.

## II. The Court has jurisdiction to hear Petitioner's contempt motion and has the authority to enforce its earlier order.

The Court retains the jurisdiction to hear this motion and the authority to enforce compliance with its earlier order. Petitioner's motion is not an application for habeas relief, so the bar against hearing successive petitions under 28 U.S.C. § 2224(b) does not apply. A district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case. *Phifer v. Warden*, 53 F.3d 859, 861 (7th Cir. 1995). A district court is vested with the

ORDER DENYING PETITIONER'S MOTION FOR CONTEMPT & MOTION TO ENFORCE ORDER GRANTING HABEAS CORPUS PETITION * 3

inherent authority to enforce compliance with its lawful orders through a contempt action. *Spallone v. United States*, 493 U.S. 265, 276 (1990). The Court's 1990 order was a conditional order directing the state to release Petitioner unless he was retried within ninety days. Petitioner contends, in his contempt motion, that he was not retried within the ninety days. The Court thus retains jurisdiction to determine whether the conditional order was complied with and the authority to enforce compliance with that conditional order.

**III. Respondent is not in contempt.**

It is true that Respondent did not comply with the letter of the Court's 1990 order. Nevertheless, Respondent did make a good faith effort to comply with the terms of the order, and he has substantially complied with those terms. A federal court has the inherent authority to hold a party in civil contempt for violating its orders. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994). Federal courts also have statutory contempt authority under 18 U.S.C. § 401(3), which grants federal courts the power to punish by fine and/or imprisonment, at its discretion, "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3).

Substantial compliance with the terms of a court order is a valid defense to a charge of contempt. *Vertex Distributing, Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 891 (9th. Cir. 1982) (holding district court did not abuse its discretion in not holding defendant in contempt because defendant had made "every reasonable effort" to comply with the injunction). The State appears to have made every reasonable effort to comply with the Court's 1990 order. It charged Petitioner by information within the ninety day period. It participated in pretrial proceedings within the ninety day period. Trial would have commenced within the ninety day period but for a shortfall in the venire pool on the eighty-ninth day (a Friday). Trial commenced ninety-two days after the Court entered its order. The State has substantially complied with the Court's 1990 order, and the Court declines to hold

ORDER DENYING PETITIONER'S MOTION FOR CONTEMPT & MOTION TO ENFORCE ORDER GRANTING HABEAS CORPUS PETITION \* 4

it in contempt.

Petitioner, in support of his position that Respondent should be held in contempt, cites the case of *Burdine v. Johnson*, 87 F. Supp. 2d. 711 (S.D. Texas 2000). In *Burdine*, the district court entered an order directing the State of Texas to retry Burdine within 120 days or release him. The State failed to try him within the 120 day period. Burdine brought a contempt action, in response to which the court ordered him released from custody. *Id*. at 717-18. The facts in the instant matter are readily distinguishable from those in *Burdine*. In *Burdine* the State had made no effort at all to comply with the order. It had made no preparations to re-charge or retry the defendant. It had not even filed for a stay of the order within the 120 day period. *Id*. at 713-14. In this case, the State immediately filed for a stay of the order with the Court. It appealed the order to the Ninth Circuit. It commenced trial proceedings within the ninety day period. Petitioner was charged within the ninety day period. A pre-trial conference was held within the ninety day period. Here, the State of Washington, unlike the State of Texas in *Burdine*, seems to have made every reasonable effort to comply with the terms of the order, and to have substantially complied with those terms.

Accordingly, **IT IS HEREBY ORDERED:**

1. Petitioner's Motion for Contempt (Ct. Rec. 90) and his Motion to Enforce Order Granting Habeas Corpus Petition (Ct. Rec. 89) are **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order, and to furnish copies to counsel and Petitioner.

**DATED** this 17th day of July, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\OLDCIVIL\CIVIL.86\Agtuca\agtuca_contempt.deny.wpd

ORDER DENYING PETITIONER'S MOTION FOR CONTEMPT & MOTION TO ENFORCE ORDER GRANTING HABEAS CORPUS PETITION \* 5